J. A. MATHIS v. BOARD OF COMMISSIONERS OF DUPLIN COUNTY.

(Decided May 3, 1898.)

*Action for Mandamus— Intoxicating Liquors—Liquor License—County Commissioners—Discretion.*

Under Section 34, Chapter 168, Acts of 1897, providing that county commissioners "may grant" an order to the sheriff to issue a license to sell liquors to all properly qualified applicants who have complied with the requirements therein mentioned, it is within the discretion of the commissioners to grant such order, and their refusal to do so cannot be reviewed on appeal.

CIVIL ACTION for a *mandamus* pending in DUPLIN Superior Court and heard before *Adams, J.,* at chambers at Clinton, N. C., in February, 1898. His Honor found the facts and rendered judgment as follows :

"This cause, coming on for hearing before me at Clinton, N. C., and being heard upon the petition, answer, exhibits and affidavits, the following facts are found :

1. That the town of Magnolia is situate in Duplin county and is duly incorporated.

2. That on the first Monday in December, 1897, the plaintiff applied to the defendant for an order to the sheriff of Duplin county to issue him a license to sell spirituous, vinous and malt liquors in the town of Magnolia for the period from January 1st, 1898, to June 1st, 1898.

3. That said application was in due form, and the same was heard and considered by the defendant; and after consideration thereof, the defendant refused to grant said order.

4. That upon the hearing of said application the plaintiff offered evidence of his good character, and that the

place where he proposed to do business was not within two hundred feet of any church or grounds pertaining thereto, and was not in any prohibition district, and no evidence was offered to the contrary.

5. That upon the hearing of the said application, the town of Magnolia was represented by counsel, who opposed the granting of said application.

6. That the defendant Board of Commissioners is composed of three members, J. T. Wilkins, Chairman; J. F. Wallace and B. L. Blackmore, the first of whom voted in favor of the application and the last two against it; that in voting against said application, J. F. Wallace said he did so because he did not believe he was legally compelled to grant the license; and the said Blackmore said he had various good and sufficient reasons, but he declined to give them.

7. That a local option election was held in Magnolia on the 14th day of June, 1897, the result of which was in favor of license by a majority of one.

8. That the Board of Commissioners of the town of Magnolia, who were elected on the first Monday in May, 1896, on May 8th, 1896, granted petitioner a license to retail within said town from May 1st, 1896, to May 1st, 1897; and on the 3d day of May, 1897, a few days before the town election in May, the same board granted the plaintiff a license to retail from May 1st, 1897, to April 30th, 1898.

9. That said meeting of May 3d, 1897, at which said license was granted by the Board of Commissioners of Magnolia, was a special and not a regular meeting.

10. That W. R. Newbury was at the time of said meeting a member of the Board of Commissioners of Magnolia and was opposed to granting said license; that

122—27

he was present in Magnolia at the time of said meeting and had no notice thereof.

11. That on the 2d day of July, 1897, the Board of Commissioners of Magnolia, elected in May, 1897, at a meeting regularly called and held, revoked and rescinded the license granted on the 3d day of May, 1897, and the resolution of the board of May 3d, 1897, and tendered to the plaintiff the license fee paid thereunder, which he refused to receive. and at the same time passed a resolution requesting the defendant Board of Commissioners not to grant license to the plaintiff ; that the time of election for Town Commissioners of Magnolia was changed by the Act of Legislature of 1897, to Tuesday after first Monday in May, 1897; that the Board of Commissioners of Magnolia, who were elected on Tuesday after first Monday in May, 1897, did not qualify until 18th day of June, 1897, and the old board, who were elected in 1896, held over until June 18th, 1897.

And upon consideration of the same, it is considered and adjudged that the application of the plaintiff for a *mandamus* be refused, and that this action be dismissed.

It is further considered and adjudged that the defendant recover of the plaintiff and his surety its costs, to be taxed by the Clerk."

From this judgment plaintiff appealed.

*Messrs. Stevens & Beasley* and *Jones & Boykin* for plaintiff (appellant).
*Messrs. Allen & Dortch* for defendants.

FAIRCLOTH, C. J.: This is an action of *mandamus* to compel the defendants to grant an order to the sheriff to issue a license to the plaintiff to retail liquors in the town of Magnolia, in the county of Duplin. There is a controversy in the record whether the plaintiff had the

recommendation of the commissioners of the town as required by the recent law. In order to put this decision on the main question, we will assume that he did.

In *Muller* v. *Commissioners*, 89 N. C., 171, Ashe, J., collected minutely all the legislation on the subject from 1825 till 1883, showing the fluctuations of the legislative mind during that period. That case arose when the law (*Code*, Section 3701), said that county commissioners "shall grant" the order to all properly qualified applicants, who had complied with the requirements therein mentioned. The Court there held, upon its own view of the law, and upon the authority of *Attorney General* v. *Justices of Guilford*, 27 N. C., 315, that the commissioners do not possess the arbitrary power of suppressing retailing *in toto*, nor are they bound to grant license, although the applicant proves a good moral character. They have a limited legal discretion, and may consider all questions and matters which pertain to the welfare of the community. This Court sustained the refusal of the board to grant the application.

The Act of 1897, Chapter 168, Section 34, amends the preceding Act by substituting the words "may grant" for "shall grant" when the applicant has complied with the required provisions of the Act.

In the agreed case sent to this Court, we can see no arbitrary exercise of power, and as no reasons are assigned for the refusal to grant the order we have to assume that the defendants did so in the exercise of their discretion, which is not reviewable by the Court. This they may do under the Act of 1897, Chapter 168, Section 34.

Affirmed.